IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAINE COMMUNITY HEALTH OPTIONS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 18-mc-00009 |
| WALGREEN CO. | ) ) ) |
| Defendant. | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THIRD-PARTY ARBITRATION SUBPOENA

### INTRODUCTION

Plaintiff Maine Community Health Options ("Health Options") served Defendant Walgreen Co. ("Walgreens") on August 16, 2018, with a third-party subpoena issued by The Hon. Myra Selby and The Hon. Jeffrey Keyes, panel arbitrators in a pending proceeding, requiring Walgreens' attendance and production of documents at an arbitration hearing in Madison, Wisconsin. *See* Exhibit 1. The arbitration panel issued the narrowly tailored subpoena *duces tecum* pursuant to its authority under the Federal Arbitration Act ("FAA") and consistent with Federal Rule of Civil Procedure 45. Walgreens has refused to comply without an order from this Court enforcing the subpoena.

### PROCEDURAL BACKGROUND

Health Options is a non-profit community health plan, established under the Affordable Care Act ("ACA") as a Consumer Operated and Oriented Plan ("CO-OP") insurer to create affordable, high quality benefits that promote health and wellbeing for its more than 40,000 members in Maine. As the private health insurer of last resort for some of Maine's most vulnerable and historically uninsured residents, Health Options plays a critical role in providing

1

health care to individuals who cannot obtain health insurance through their jobs or other sources.

Health Options commenced the underlying arbitration against Navitus Health Solutions, LLC ("Navitus") in March 2018, to recover millions of dollars in reimbursement charges improperly billed by Navitus—and paid by Health Options— for pharmaceutical drugs sold through Navitus' retail pharmacy network to Health Options' members. The payments at issue relate to Navitus' misrepresentation of "usual and customary" ("U&C") prices charged by its retail network pharmacies for thousands of prescription drugs purchased by Health Options' members. In its Arbitration Demand, Health Options alleged that Navitus based its reimbursement charges on inflated U&C prices charged by its retail pharmacies for the drugs purchased by Health Options' members. Navitus' misrepresentations resulted in Health Options paying significantly higher reimbursements than what Health Options would have paid had Navitus charged Health Options based on the true U&C prices, as the parties had agreed in their Pharmacy Benefit Management Services Agreement (the "Agreement").

The reimbursement provisions of the Agreement provided that Navitus would bill Health Options "the lower of" their negotiated rate or the retail pharmacy's U&C price, defined in the Agreement as "any minimum price[] charged by [a pharmacy] in a **cash or uninsured transaction**." In discovery, Health Options requested from Navitus specific data from certain pharmacies in Maine and New Hampshire within Navitus' network, including Walgreens, regarding those pharmacies (1) internal pharmacy price lists, including any discount prices, that the pharmacy charges customers who pay without insurance, and (2) pharmacy cash and uninsured transaction data reflecting the drug prices the pharmacy actually charged their customers who paid without insurance (collectively the "Subpoenaed Data"). The Subpoenaed Data is material to determining the amount by which Health Options overpaid Navitus through

Navitus' use of inflated U&C prices when it adjudicated Health Options' members' pharmacy claims. From the beginning of the arbitration and to date, Navitus has refused to provide the Subpoenaed Data and asserts that it does not have the Subpoenaed Data in its possession.

Health Options proceeded to request issuance of such subpoenas on August 7, 2018. The arbitration panel agreed that documents and testimony from Walgreens was relevant and material, and, pursuant to its authority under the FAA, issued the subpoena *duces tecum* on August 13, 2018. The subpoena directed Walgreens to produce a witness and provide the Subpoenaed Data, at an arbitration hearing in Madison, Wisconsin. The subpoena was properly served on Walgreens' registered agent in Illinois on August 16, 2018.

In a letter dated August 27, 2018, counsel for Walgreens informed Health Options that it would not produce the Subpoenaed Data or have a witness appear at a hearing, absent an Order from this Court compelling compliance. *See* Exhibit 2 (Walgreens' Response Letter, August 27, 2018).[1]

**ARGUMENT**

This Court is authorized to enforce the arbitral subpoena because the arbitration panel is seated in Madison, Wisconsin. The FAA provides:

> [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7.

---

[1] In its response letter, Walgreens also objects to the subpoena requests as irrelevant and unduly burdensome. Such objections should not be considered in determining validity of the subpoena; rather, such objections must be made directly to the arbitration panel. *See*, *e.g.*, *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870, 71 (8th Cir. 2000) (refusing to determine whether requested information was relevant because that is "antithetical to the well-recognized policy favoring arbitration, and compromises the panel's presumed expertise in the matter at hand"); *Am. Fed. of Television & Radio Artists* v. *WJBK-TV*, 164 F.3d 1004, 1010 (6th Cir. 1998) (relevance of information sought by arbitral subpoena should be determined by arbitrator in the first instance).

Further, there is no question that the Court has jurisdiction over this matter, based on the diversity of the parties to the underlying dispute. Though Section 7 of the FAA authorizes this Court to enforce the subpoena, it does not independently confer subject matter jurisdiction over such motion to enforce. *See Amgen, Inc. v. Kidney Ctr.*, 95 F.3d 562, 567 (7th Cir. Sept. 6, 1996). Rather, the party seeking enforcement "must establish that the dispute that underlies the arbitration would come within the jurisdiction of the district court." *Id.*; *see also Schaeb v. Botsford Hosp.*, 2012 U.S. Dist. LEXIS 185519, *15, (E.D. Mich. Nov. 13, 2012) *adopted by* 2013 U.S. Dist. LEXIS 14059 (E.D. Mich. Jan. 31, 2013) (same).

Health Options is headquartered and incorporated in Maine, while Navitus is headquartered and incorporated in Wisconsin; and the matter in controversy exceeds $75,000. The arbitration demand seeks in excess of 17 million dollars in damages.

I. **THE SUBPOENA IS VALID AND ENFORCEABLE PURSUANT TO THE FEDERAL ARBITRATION ACT AND RULE 45.**

Section 7 of the FAA authorizes arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. The subpoena must be served in the same manner as subpoenas to appear and testify before the court. *Id.* Rule 45 of the Federal Rules of Civil Procedure governs court-ordered subpoenas and provides that a subpoena may command a person to attend a hearing or produce documents at a location "within 100 miles of where the person resides, is employed, or regularly transacts business in person." F.R.C.P. 45(c)(1)(A). The subpoena satisfies Rule 45 on two independent grounds: Walgreens regularly transacts business in, *and* resides within 100 miles of, Madison, Wisconsin.

### A. WALGREENS "REGULARLY TRANSACTS BUSINESS" WITHIN 100 MILES OF MADISON, WISCONSIN.

In its response letter, Walgreens ignores the full text of Rule 45(c)(1)(A) and argues that Walgreens' "place of residence is determinative of the validity and enforceability of the subpoena." Exhibit 2, at 2.[2] However, Walgreens operates several stores located in Madison, Wisconsin, and therefore, "regularly transacts business" within 100 miles of the hearing location, as set forth in by Rule 45. For chain stores like Walgreens, having a store or branch within 100 miles of the hearing location fulfills the requirements of Rule 45. In *Westmore Equities, LLC v. Vill. Of Coulterville*, the Southern District of Illinois enforced a third-party subpoena for documents issued to Commerce Bank because a search of the bank's online branch locator revealed several branches that were located within 100 miles of Springfield, Illinois—the location of compliance designated in the subpoena. 2016 U.S. Dist. LEXIS 21032, at *5-7 (S.D. Ill. Feb 22, 2016); *cf. Raap v. Brier & Thorn, Inc.*, 2017 U.S. Dist. LEXIS 87004, at *8-9 (S.D. Ill. June 7, 2017) (refusing to enforce third-party subpoena against Bank of Springfield because it had no branches within 100 miles of Madison, Wisconsin).

Walgreens' online store locator shows that there are at least seven pharmacy locations in the city of Madison, Wisconsin, and an additional forty-five locations within 50 miles of Madison. *See* https://www.walgreens.com/storelocator/find.jsp. Walgreens therefore "regularly transacts business" within the location of compliance designated in the subpoena, and the subpoena is valid and enforceable under Rule 45.

---

[2] In its response letter, Walgreens does not offer any support for this assertion. Instead, Walgreens cites to irrelevant Supreme Court cases regarding personal jurisdiction over foreign corporations. *See* Exhibit 2, at 2. This is plainly incorrect because it ignores the express language of Rule 45, which provides that a subpoena may command a person to attend a hearing or produce documents at a location "within 100 miles of where the person resides, is employed, or regularly transacts business in person." (emphasis added). This Court does not need to find that it has personal jurisdiction over Walgreens to enforce the subpoena. It need only find that Walgreens "regularly transacts business" within 100 miles of Madison, Wisconsin.

B. **WALGREENS ALSO RESIDES WITHIN 100 MILES OF MADISON, WISCONSIN.**

Rule 45(c)(1)(a) provides that a subpoena for appearance at a hearing is valid and enforceable if the hearing location is within 100 miles of where the person resides. According to Walgreens, it "resides" at its headquarters in Deerfield, Illinois. Walgreens incorrectly asserts, however, its headquarters is over 100 miles from Madison, Wisconsin. Exhibit 2, at 2. In order to determine the distance between Walgreens' residence and the hearing location under Rule 45, "the proper measurement is a straight line measurement, 'or as the crow flies.'" *Lyman v. St. Judge Med. S.C. Inc.*, 580 F. Supp. 2d 719, 728 n.5 (E.D. Wisc. May 27, 2008) (using the GeoBytes "city distance tool" to find that individual's residence in the city of Naperville is 90 miles from Milwaukee). Using the GeoBytes' City Distance Tool, the "by air" or "as the crow flies" distance between Madison, Wisconsin and Deerfield, Illinois is 99.3 miles. Walgreens therefore, not only "regularly transacts business" within 100 miles of Madison, Wisconsin, but also resides within 100 miles of Madison, Wisconsin. Walgreens' residence within 100 miles of Madison provides an independent basis for enforcement of the subpoena.

## CONCLUSION

For the foregoing reasons, Health Options respectfully requests that the Motion to Enforce the subpoena be granted, and that Walgreens be compelled to provide testimony and documents at a hearing in Madison, Wisconsin in the underlying arbitration.

Dated: October 30, 2018              Respectfully submitted,

                                     */s/ Noor Taj*
                                     Stephen J. McBrady
                                     Laurel P. Malson
                                     Jacinta L. Alves
                                     Noor Taj
                                     Crowell & Moring LLP

1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5611

*Counsel for Maine Community Health Options*