**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **MAINE COMMUNITY HEALTH OPTIONS,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 18-mc-00009** |
| | § | |
| **WALGREEN CO.,** | § | |
| | § | |
| ***Defendant*.** | § | |

**OPPOSITION OF WALGREEN CO. TO MOTION TO ENFORCE THIRD-PARTY ARBITRATION SUBPOENA**

Defendant Walgreen Co. (Walgreens) files this opposition to Plaintiff's motion to enforce a third-party arbitration subpoena. For the reasons set forth below, Walgreens respectfully asks the Court to find the subpoena unenforceable, and if the Court does enforce the subpoena, respectfully asks for its costs of compliance to be paid in advance.

## I. PROCEDURAL HISTORY

On August 16, 2018, Walgreens received Plaintiff's initial letter and subpoena requesting testimony and documents, which sought compliance "on the 14th Day after service of this subpoena," which was August 30, 2018. Walgreens timely served a response letter on August 27, 2018. Federal Rule of Civil Procedure 45 provides that a party objecting to a subpoena must serve the objection "before the earlier of the time specified for compliance or 14 days after the subpoena [was] served." Fed. R. Civ. P. 45(d)(2)(B). Here, the time of compliance was 14 days after service of the subpoena: August 30, 2018. Thus, under both of Rule 45's criteria, Defendant timely served objections on counsel for Plaintiff.

Walgreens objected to the validity and enforceability of the arbitral subpoena, and explained that the subpoena could not be enforceable in federal court.

In addition to objecting the enforceability of the subpoena, Walgreens objected to the relevance of the requested data, the subpoena's lack of appropriate protection for patient data that Walgreens has a legal obligation to safeguard, and the undue burden that the subpoena would place on non-party Walgreens. First, Walgreens objected to the relevance of the requested information because Plaintiff sought ***all*** cash/uninsured customer transactions "at any Walgreens pharmacy located in Maine or New Hampshire," whether or not those customers have any relationship to the parties or any relationship to this case. *See* Subpoena ¶ 2. Second, the transactional data that Plaintiff requested contains Protected Health Information subject to the protections of the Health Insurance Portability Accountability Act (HIPAA), *see* 45 C.F.R §§ 160, 162, 164, which could not simply be handed over to Plaintiff with no additional safeguards. Third, the subpoena would place an undue burden and expense on Walgreens, based, in part, on the large volume of information requested, which would take at least several weeks, and likely several months, to compile. This would divert employees from their regular responsibilities and impose great expense on Walgreens, creating an undue burden, especially to provide information that may be neither relevant nor appropriately protected.

Accordingly, Walgreens objected to the original arbitral subpoena and, if this Court enforces the subpoena, would seek to quash it unless Plaintiff agreed to significant modifications of the scope and appropriate protections of Walgreens' patient data.

Walgreens received no response to its letter until receiving a hand-served copy of Plaintiff's motion to enforce the subpoena.

## II. ARGUMENT

### A. Plaintiff's Subpoena is Invalid and Unenforceable.

The subpoena issued by Plaintiff cannot be enforced by a court of law, because (1) it violates Rule 45, and because (2) no court has jurisdiction to enforce it. Walgreens does not dispute that an arbitrator can issue a subpoena. But the authority provided by the Federal Arbitration Act (FAA) for an arbitrator to summon witnesses and documents to a hearing is limited in the same way that any court's power to subpoena is limited. *See* 9 U.S.C. § 7 (an applicable court "may compel the attendance . . . in the same manner provided by law for securing the attendance of witnesses . . . in the courts of the United States"). An arbitral subpoena may be enforced via a petition to the United States District Court in which the arbitrators are sitting, which Plaintiff has now done. But this Court's power to enforce that subpoena is co-extensive with its power to enforce any subpoena issued from a district court, including Rule 45's limitations. *See Alliance Healthcare Servs., Inc. v. Argonaut Private Equity, LLC*, 804 F. Supp. 2d 808, 811 (N.D. Ill. 2011) ("The express terms of FAA section 7 limit this Court's arbitration subpoena enforcement authority to the authority it has under existing law. That authority is limited to the power conferred by Rule 45; there is no other rule or statutory provision that applies in this case.") This Court's power to enforce the subpoena is also limited by personal jurisdiction requirements. *See Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) (citing *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir.1990)).

#### 1. The Subpoena Violates Federal Rule of Civil Procedure 45.

Rule 45 allows subpoenas to command a person to attend a hearing only if "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). A subpoena to produce documents is subject to the same constraints as a subpoena commanding testimony. *Id.* at 45(c)(2)(A).

a. **Walgreens Resides[1] in Illinois.**

A corporation "resides" or is "at home" in (1) the state of its incorporation and (2) the state where it has its principal place of business. *BSNF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017). The Supreme Court has held that "the principal place of business" is the corporation's "nerve center," or "the place where the corporation's high level [sic] officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Moreover, the Supreme Court has held that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *BSNF*, 137 S. Ct. at 1559 (internal quotation marks omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) (holding that a court must appraise a corporation's activities "in their entirety, nationwide and worldwide"). Walgreens, which operates over 8,000 stores in all 50 states, cannot "be deemed to be at home in all of them." Instead, Walgreens resides in Deerfield, Illinois, which is the headquarters where the corporation's high-level officers direct, control, and coordinate the corporation's activities.

b. **Walgreens' Corporate Representative Is not Required to Travel More than 100 Miles to Give Testimony.**

A court must not enforce a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3). "The purpose of this rule is to protect nonparty witnesses 'from being subjected to excessive discovery burdens in litigation in which they have little or no interest.'" *Phillips v. Nunes Co., Inc.*, No. CV 13-53-BU-JCL, 2013 WL 12141325, at *1 (D. Mont. Dec. 12, 2013) (quoting *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002)). Rule 45 serves "to prevent inconvenience to the flesh-and-blood human beings who are

---

[1] Plaintiff argues that the Supreme Court cases defining where a corporation "resides" are irrelevant but offers no other definition for where Walgreens resides. *See* Mot. at 5, n.2. Plaintiff appears to be contesting merely that residence is not the only factor listed in Rule 45 rather than contesting how the Supreme Court defines a corporation's residence. Moreover, Plaintiff's assertion that "cases regarding personal jurisdiction over foreign corporations" are irrelevant is incorrect, as personal jurisdiction is necessary for a court to enforce the subpoena. *See* Section B, *infra*.

asked to testify, not the legal entity for whom those human beings work." *Phillips*, 2013 WL 12141325, at *2.

Contrary to the approach proposed here, corporate depositions generally "should be taken at the corporation's principal place of business." *In re Subpoena Issued to Nissan North Am., Inc.*, No. 02 C8538, 2003 WL 25778944, at *2 (N.D. Ill. Jan 22, 2003); *see also Phillips*, 2013 WL 12141325, at *2 (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2112 (3d ed. 2010)); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427 (N.D. Cal. 2008); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003); Moore's Federal Practice, § 30.20[1][b] (3d ed. 2005).

In *Phillips*, the plaintiff served a Rule 30(b)(6) subpoena on Wal-Mart, whose principal place of business is in Bentonville, Arkansas. The subpoena designated Bozeman, Montana as the place of compliance. The court there noted that, because Wal-Mart does business in Bozeman, the plaintiff "might argue that requiring Wal-Mart to attend a deposition there would not run afoul of Rule 45 because Wal-Mart would not have to travel more than 100 miles from the place where it 'regularly transacts business in person.'" *Phillips*, 2013 WL 12141325, at *2; Fed. R. Civ. P. 45(c)(3)(A). But the *Phillips* court rejected this argument and noted that a number of other courts similarly rejected it, holding that "Rule 45's 100-mile limitation applies to the individual person designated by a corporation pursuant to Rule 30(b)(6)." *Phillips*, 2013 WL 12141325, at *2. Thus, the court held that the subpoena was "unenforceable on its face," because it sought to compel "deposition of a . . . corporate representative at a location that is more than 100 miles from the presumptively appropriate location for such a Rule 30(b)(6) deposition[.]" *Id.* at *1-2. The court expressly noted the non-party status of Wal-Mart, stating that "particularly in light of the fact that Wal-Mart is a non-party and has no particular interest in this litigation, the presumptively

appropriate location for Wal-Mart's Rule 30(b)(6) deposition is Bentonville, Arkansas." *Id.* at *2.

Plaintiff's arguments fail for the same reasons. The fact that Walgreens has pharmacy locations in Madison, Wisconsin, does not mean that the person who would testify on behalf of the company "regularly transacts business in person" within 100 miles of the hearing location. Although Plaintiff cites *Westmore Equities, LLC v. Vill. of Coulterville*, 3:15-cv-241-MJR-DGW, 2016 WL 695896, *2-3 (S.D. Ill. Feb. 22, 2016), for this proposition, *Westmore*[2] is inapposite, because that subpoena requested only the production of documents, and the court noted that "documents can be readily copied and shipped across the country." *Id.* at *2 (quoting 1 Fed. R. Civ. P., Rules and Commentary, Rule 45, February 2016 Update). No witness would be inconvenienced in that matter, and the court did not address whether it would apply the same rule for a subpoena requiring live, in-person testimony.

Like the subpoena in *Phillips*, Plaintiff's subpoena here also "command[s]" that Walgreens "testify and give evidence[,]" which effectively requests a 30(b)(6) deposition.[3] Walgreens would need to designate a corporate representative to testify on its behalf – a "flesh-and-blood human being." To comply with the subpoena, that person would have to travel outside the 100-mile limit set by Rule 45. Thus, based on the reasoning in *Phillips*, Plaintiff's subpoena is unenforceable because it "requires a person to comply beyond the geographical limits" of Rule 45(c).

---

[2] Plaintiff also cites to *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, (C.D. Ill. July 7, 2017) for the proposition that the court refused to enforce a third-party subpoena against a bank because it had no branches within 100 miles of the place of compliance. But this subpoena also only requested the production of documents, not live testimony.

[3] This subpoena is addressed to Walgreen Co. and not an individual, making it akin to a subpoena based on Fed. R. Civ. P. 30(b)(6). The text of Rule 30(b)(6) provides for subpoena of testimony of a corporate designee ***at a deposition***. Plaintiff has not cited any binding authority based on which an arbitration panel may issue a Rule 30(b)(6) subpoena, and Walgreens is aware of none.

c. **Walgreens Resides More than 100 Miles from the Hearing Location.**

The subpoena commands Walgreens to "testify and give evidence" and to "bring with [it] and produce certain documents" at a hearing to take place in Madison, Wisconsin, a distance of over 100 miles from Deerfield, Illinois. Because Walgreens resides more than 100 miles away from the hearing site, the subpoena violates Rule 45(c).

Plaintiff incorrectly claims that Walgreens is within 100 miles of the hearing site. Although the place of compliance is listed only as Madison, Wisconsin on the subpoena, attached as Exhibit 1 to Plaintiff's motion, the subpoena is specifically directed to Walgreens at the address 200 Wilmot Road, Deerfield, IL, 60015, which is its corporate headquarters. According to Google Maps, the driving distance from Madison, Wisconsin to 200 Wilmot Road, Deerfield, IL is between 127 and 144 miles, depending on the route. Even under the test that Plaintiff proposes, the distance is more than 100 miles. Although Plaintiff selected an internet tool (http://geobytes.com/citydistancetool/) which does not appear to permit entry of a specific address, other internet-based tools allow for a higher degree of precision. For example, a search on https://www.distancecalculator.net/ of Madison, WI to 200 Wilmot Road, Deerfield, IL shows a distance of 100.41 miles between the locations. Thus, the subpoena is invalid.

**B. The Western District of Wisconsin Does not Have Jurisdiction to Enforce Compliance with the Subpoena.**

Even if the subpoena did not violate Rule 45(c) (it does), the Western District of Wisconsin could not enforce the subpoena, because it does not have both subject-matter and personal jurisdiction. The Western District of Wisconsin is the court of enforcement according to both Section 7 of the FAA and Rule 45. As mentioned above, the enforcing court for an arbitral subpoena is "the United States district court for the district in which such arbitrators . . . are sitting." 9 U.S.C. § 7. The Plaintiff's subpoena states that the arbitrators will sit for the hearing in Madison,

Wisconsin; that is, in the Western District of Wisconsin. And Rule 45 provides that the "the court for the district where compliance [with the subpoena] is required" is the court which can compel compliance – also, here, the Western District of Wisconsin. Fed. R. Civ. P. 45(d)(2)(B)(i). Although the FAA authorizes a court to enforce compliances, it does not "create any independent federal-question jurisdiction." *Amgen, Inc. v. Kidney Center of Del. Cty., Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983), *superseded by statute on other grounds*). Thus, any party seeking court intervention subject to Section 7 "must establish that the dispute that underlies the arbitration would come within the jurisdiction of the district court." *Id.*

The Western District of Wisconsin does not have jurisdiction over Walgreens to enforce this subpoena. Plaintiff has asserted that the Court has subject-matter jurisdiction based on diversity jurisdiction in the underlying matter. Mot. at 4. Although Walgreens does not have sufficient information to ascertain whether that is correct, even if the Court did have subject-matter jurisdiction, Plaintiff has not established that the Court has personal jurisdiction over Walgreens. Plaintiff is incorrect when it argues in its Motion that this Court "does not need to find that it has personal jurisdiction over Walgreens to enforce the subpoena." Mot. at 5 n.2.

"[A] court must have personal jurisdiction to order compliance with a discovery request." *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016); *see also Reinsurance Co. of Am. V. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) (holding that a court may only order ***a person subject to its jurisdiction*** to produce documents, objects, or other information") (emphasis added); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court . . . must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45."); *In re*

*Uranium Antitrust Litig.*, 480 F.Supp. 1138, 1145 (N.D. Ill. 1979) ("***Once personal jurisdiction over the person and control over the documents by the person are present***, a United States court has power to order production of the documents.") (emphasis added); 16 Moore's Federal Practice § 108.125 (3d ed. 2003) ("A nonparty witness cannot be compelled to testify at a trial, hearing, or deposition unless the witness is subject to the personal jurisdiction of the court.").

Personal jurisdiction refers to a court's "power to bring a person into its adjudicative process." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Jurisdiction requires that a court have "authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Leibovitch*, 188 F. Supp. 3d. at 745 (citing same). A federal court's power and authority for asserting personal jurisdiction is co-extensive with "whenever the person would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute)[.]" *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013).

"Every personal jurisdiction issue requires a two-step inquiry." *Kopke v. A. Hartrodt S.R. L.*, 245 Wis. 2d 396, 409 (2001). The first step is whether a person is subject to personal jurisdiction under Wisconsin's long-arm statute; the second is whether the exercise of jurisdiction comports with due process. *Id.* at 409-10. Wisconsin's long-arm statute provides for general jurisdiction over a person "engaged in substantial and not isolated activities within this state[.]" Wisconsin Stat. § 801.05(1)(d). It further provides, in part, for specific personal jurisdiction for a "[l]ocal act or omission . . . [i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant[,]" or a "[l]ocal injury; foreign act . . . [i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant[.]" Wisconsin Stat. § 801.05(3)-(4).

Here, Plaintiff has not met its burden in establishing that the Western District of Wisconsin has personal jurisdiction over Walgreens. Plaintiff has not attempted to do so and cannot do so. The Western District of Wisconsin does not have general personal jurisdiction over Walgreens. As previously established, Walgreens is a resident of Illinois. And Wisconsin's long-arm statute is insufficient to grant general personal jurisdiction over Walgreens. Though the statute purports to confer personal jurisdiction over a person who is "engaged in substantial and not isolated activities within this state," the Supreme Court has held that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *BSNF*, 137 S. Ct. at 1559 (internal quotation marks omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) (holding that a court must appraise a corporations' activities "in their entirety, nationwide and worldwide."). Because Walgreens operates over 8,000 stores in all 50 states, it cannot "be deemed to be at home in all of them." That approach would not comport with due process considerations. Therefore, the Western District of Wisconsin does not have general personal jurisdiction over Walgreens.

Further, the Western District of Wisconsin does not have specific personal jurisdiction over Walgreens in this matter, because there is no allegation that any of Walgreens' activities in the state gave rise to the dispute at issue or contributed any injury to a Wisconsin resident. To the contrary, Plaintiff is claiming injury to at least itself and at most its "40,000 members in Maine" and potentially some members in New Hampshire. Mot. at 1; Subpoena ¶¶ 1-2. Any alleged injury would have arisen from activities in Maine or New Hampshire and would pertain to Maine or New Hampshire residents. Thus, the Western District of Wisconsin does not have personal jurisdiction over Walgreens and, therefore, cannot compel compliance with this subpoena.

**C. If Enforced, Walgreens Should Receive the Costs of Compliance.**

Finally, if the Court enforces the subpoena, Walgreens should not be asked to comply

unless Plaintiff provides the costs of compliance in advance of undertaking that burdensome task.[4] Courts "examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Luster v. Sands*, No. 1:07-CV-245, 2008 WL 4449542, at *1 (N.D. Ind. Sept. 29, 2008) (citing cases). "The law is clear that [a party] cannot shift the cost of obtaining discovery to . . . non-parties." *Id.* at *2 (citing cases). And "expense is but a part of the burden." *Morrow v. Air Ride Techs., Inc.*, No. IP-05-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006). The person responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Courts are especially cognizant of the "unwanted burden" placed on non-parties with regard to "the invasive nature of discovery." *HTG Capital Partners, LLC v. Doe(s)*, No. 15 C 02129 2015 WL 5611333, at * 3 (N.D. Ill. Sept. 22, 2015). In assessing undue burden, courts consider factors such as non-party status, relevance, the subpoenaing party's need for the documents, the "breadth of the request and the burden imposed on the subpoenaed party." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) (internal quotation marks omitted) (quoting *Last Atlantis Capital, LLC v. AGS Specialist Partners*, No. 04 C 0397, 05 C 5600, 05 C 5671, 2013 WL 182792, at *1 (N. D. Ill. Jan. 17, 2013)). As noted above, Plaintiff has sought ***all*** cash/uninsured customer transactions "at any Walgreens pharmacy located in Maine or New Hampshire," whether or not those customers have any relationship to the parties or any relationship to this case. The breadth of the volume of information

---

[4] Although Plaintiff claims that the arbitration panel should make determinations about the relevance or "materiality of the evidence," *see* Mot.at 3 n.1, this does not preclude courts from deciding on the enforceability of a subpoena based on "undue burden or expense." *See* Fed. R. Civ. P. 45(d)(1). Rather, courts "***must*** enforce this duty" that "a party or attorney responsible for issuing and serving a subpoena . . . take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* (emphasis added). And since Walgreens has not consented to be a party to any form of arbitration with the plaintiff, Walgreens warrants protection "from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *Phillips*, 2013 WL 12141325, at *1.

that Plaintiff requested would take at least several weeks, and likely several months, to compile, and result in significant time commitment and great expense to Walgreens.

Accordingly, to compensate for the burden imposed by the subpoena's requests, Walgreens respectfully asks the Court that if it enforces the subpoena, to require that Walgreens' costs of compliance to be paid in advance.

## III. CONCLUSION

For these reasons, Walgreens respectfully asks the Court to find the subpoena unenforceable, and if the Court does enforce the subpoena, respectfully asks for its costs of compliance to be paid in advance.

Respectfully submitted,

*/s/ Michael S. Leib*

Michael S. Leib
REED SMITH LLP
10 S. Wacker Drive, Ste. 4000
Chicago, IL 60606
mleib@reedsmith.com

*Attorney for Defendant Walgreen Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2018, this document was filed electronically with the Clerk of the Court using CM/ECF and served upon counsel of record.

*_/s/ Michael S. Leib*
Michael S. Leib